IN THE MATTER OF RONALD C. WYSE.

No. 82-85.
Feb. 14, 1985.

## ORDER OF PUBLIC CENSURE

Ronald C. Wyse was admitted to practice law in Montana on October 27, 1977. At the times involved in this cause, he was employed as a professor at the law school at the University of Montana, Missoula, Montana, and he was an associate of a law firm in Missoula, Montana.

A formal complaint against Ronald C. Wyse was filed by the Commission on Practice in this Court on March 19, 1982. On September 20, 1982, the Commission filed with us findings of fact, conclusions of law and recommendation. On September 27, 1982, Wyse filed his answer in opposition to the findings, conclusions and recommendation.

This Court considered the objections and issues raised by Ronald C. Wyse against the recommendation by the Commission on Practice and rendered our written Opinion thereon on September 18, 1984. That Opinion is set out and reported in 41 St.Rep. 1780, and in 688 P.2d 758 (1978) [212 Mont. 339].

It was the recommendation of the Commission on Practice of the Supreme Court of the State of Montana that Ronald C. Wyse be given a public censure for his actions which were the subject of the

complaint by the Commission. On consideration of the recommendation, and the underlying support in the record, we ordered that Mr. Wyse be given a public censure by this Court, in the courtroom of the Justice Building, Helena, Montana, at a time and date to be fixed by a future order of this Court.

The facts underlying the recommendation of the Commission on Practice to this Court are fully set out in the Opinion of September 18, 1984. Briefly stated, the Opinion shows that Ronald C. Wyse utilized his position as an associate of the law firm in Missoula, Montana, to obtain confidential information from the file of his law firm, and from the file of the county attorney of Missoula County, Montana, and disseminated that information to parties not entitled to the same, notwithstanding the confidential requirements in matters concerning juveniles set forth in 41-3-205, MCA. His actions brought about his conviction for a misdemeanor violation under our statutes, and furthermore, a contempt of court, which on review was upheld in this Court.

Mr. Wyse is presently residing out of the state of Montana. He has indicated to us in writing that it would be a financial burden for him to make a personal appearance before the Court for the purpose of receiving the aforementioned censure. He has requested that our Order for his public censure be modified so as to permit his censure to be publicly made but in writing, placed on the records of the Court, without the necessity of a personal appearance.

ACCORDINGLY, IT IS HEREBY ORDERED;

1. The petition of Ronald C. Wyse that our Order of September 18, 1984, be modified so as to delete the requirement that he appear in person for his public censure and that in lieu thereof, a written censure be placed on the records of the Court without the necessity of his personal appearance be and the same is hereby granted.

2. This instrument shall be and constitute a public censure of Ronald C. Wyse, an attorney at law and authorized to practice in the courts of this state, pursuant to our Opinion and Order of September 18, 1984.

3. Ronald C. Wyse is admonished that his actions as set forth in our Opinion of September 18, 1984, warrant his public censure. It is gravely important that lawyers, as officers of the court, obey the statutes designed for the protection of juveniles. Lawyers should be leaders in practice and in conscience for showing respect for the law. Lawyers should not in the practice of their profession devise meth-

ods or schemes to get around statutes in a manner that violates the spirit of the statutes. Likewise, lawyers have a duty to treat the confidences of their clients with respect, and this duty extends not only to the attorneys actually involved with clients, but to associates of those lawyers. Lawyers have a further duty not to mislead court personnel or the employees of fellow lawyers so as to gain access to confidential information and thereafter disseminate such confidential information. The actions of respondent Ronald C. Wyse show a high disrespect for our statutes, for his duties as an attorney, for the confidences of clients entrusted to him or to his law associates, and his contempt for the judicial process that requires protection of confidential matters relating to juvenile matters.

We regret the necessity for this blemish on an otherwise auspicious legal career. We trust that the lessons to be learned by Ronald C. Wyse from this public censure would be sufficient to guide him in the future as a lawyer and that his future practice as a lawyer will restore him to the esteem of his fellow lawyers.

4. Copies hereof shall be served upon Ronald C. Wyse at his address as shown in the files, upon his counsel of record, upon the Chairman of the Commission of Practice, upon the County Attorney of Missoula County, Montana, and upon the Clerk of the District Court, Fourth Judicial District, in and for Missoula County.

DATED this 14th day of February, 1985.

s/ John C. Sheehy, Justice
s/ L.C. Gulbrandson, Justice
s/ Hon. Russell C. McDonough, District Judge
s/ Hon. Henry Loble, District Judge
s/ Hon. Leonard H. Langen, District Judge